LIVIA M. KISER (SBN 285411)
  lkiser@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:   (213) 443-4310

MICHAEL B. SHORTNACY
(SBN 277035)
  mshortnacy@shb.com
SHOOK, HARDY & BACON L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (424) 324-3494
Facsimile:   (424) 204-9093

JOHN C. MITCHELL (SBN 215639)
  cmitchell@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:  +1 415 318 1200
Facsimile:   +1 413 318 1300

**Attorneys for Defendant American Honda Motor Co., Inc.**

MARION CURRY PASSMORE
(SBN 228474)
  passmore@bespc.com
MELISSA A. FORTUNATO
(SBN 319767)
  fortunato@bespc.com
BRAGAR EAGEL AND SQUIRE PC
445 South Figueroa Street, Suite 3100
Los Angeles, CA 90071
Telephone:  (213) 612-7235
Facsimile:   (213) 214-0506

JEFF S. WESTERMAN
  Jeff.westerman.zimmereed.com
ZIMMERMAN REED LLP
6420 Wilshire Blvd., Suite 1080
Los Angeles, California 90048
Telephone:  (310) 752-9385
Facsimile:   (877) 500-8781

CASEY C. DEREUS
[admitted *Pro Hac Vice*]
  dereus@bespc.com
BRAGAR EAGEL AND SQUIRE PC
P.O. Box #850436
New Orleans, Louisiana 70185
Telephone:  (213) 612-7735
Facsimile:   (213) 214-0506

**Attorneys for Plaintiff**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| AIDA MILENA GONZALEZ and JASON HAYNIE, on behalf of themselves and all others similarly situated, <br><br>             Plaintiffs, <br><br>        vs. <br><br> AMERICAN HONDA MOTOR CO, INC., <br><br>       Defendant. | Case No.  5:23-CV-01462-RGK-AS <br><br> **JOINT MOTION FOR STIPULATED PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to grant the following Joint Motion for Stipulated Protective Order ("Stipulated Protective Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    GOOD CAUSE STATEMENT

Plaintiff Aida Milena Gonzalez ("Plaintiff") in this action alleges that the Collision Mitigation Braking Systems in 2020-2022 Honda Pilots, 2020-2022 Honda Odysseys, and 2020-2022 Honda Passports are defective causing 1) erratic, unexpected, and unwarranted braking; 2) faulty implementation of the collision mitigation braking system, and (3) false positive warning lights, sounds, and tactile alerts (*i.e.*, vibrating steering wheels).  Defendant American Honda Motor Co. ("Defendant" or "AHM") denies these allegations.  Because Plaintiff's claims are based on vehicle technology components, AHM asserts this action is likely to involve trade secrets; proprietary engineering data; valuable research, development, and commercial information; and other technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary

materials and information may also consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties, such as third-party suppliers or purchasers/lessees of Honda vehicles); and other information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    DEFINITIONS

3.1.    Action: this pending federal lawsuit.

3.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.    Competitor/Conflicted Consultant: any expert or consultant who is currently or was in the past one year (1) an employee of an automobile manufacturer

competitor ("Competitor") of any Honda entity; (2) a consultant to such Competitor on matters relating to the vehicle components at issue in this litigation, including without limitation the components of the CMBS; (3) an employee or consultant of a person or entity that supplies any design, programming, or testing of vehicle technology components or systems in issue in this litigation to a Competitor ("Supplier"); or (4) otherwise conflicted out based on, inter alia, agency principles or governing law (collectively, "Conflicted Consultants").

3.5.    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.7.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>3.8</u>.    <u>Expert</u>: a person (and their staff) with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9.    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not reasonably be avoided by less restrictive means. By way of example, and not limitation, "HIGHLY CONFIDENTIAL" information may include economically or competitively sensitive information such as non-public design, development, or testing information (particularly that relates to recent or current model year vehicles); engineering specifications or schematics; strategic planning or pricing information; trade secrets; negotiation strategies; proprietary hardware or software

or systems; and proprietary edits or customizations to software.  For avoidance of doubt, the fact that a particular document falls into one of these example categories does not automatically establish that it qualifies for protection as "Highly Confidential."  The Receiving Party retains the right to challenge such a designation where appropriate.

3.10.  <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11.  <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

3.12.  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.13.  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.14.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.15.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.17.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

JOINT MOT. FOR STIPULATED PROTECTIVE ORDER          CASE NO. 2:23-CV-01462-RGK-AS

4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later: of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

6.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If the Producing Party is a Non-Party, a Party to this Action may designate pages or files in the Non-Party's Production as CONFIDENTIAL or HIGHLY CONFIDENTIAL within 30 days of production, if the information contains or reflects CONFIDENTIAL or HIGHLY CONFIDENTIAL information regarding Honda vehicles or vehicle technology components or systems or that is proprietary to AHM or other Honda entities.  All materials produced by a Non-Party shall be treated as "HIGHLY CONFIDENTIAL" until the expiration of such 30-day period, unless mutually agreed by the Parties in writing.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" according to the discretion of the Party or Non-Party who is making such documents or materials available. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record or in writing within 20 days of receipt of the final transcript of the deposition. All deposition testimony shall be treated as "HIGHLY CONFIDENTIAL" until the expiration of such 30-day period, unless mutually agreed by the Parties in writing.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. See http://www.cacd.uscourts.gov/honorable-alka-sagar. To avoid ambiguity as to whether a challenge has been made, the written notice must reasonably identify the challenged Protected Information by Bates number and recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

7.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

JOINT MOT. FOR STIPULATED PROTECTIVE ORDER        CASE NO. 2:23-CV-01462-RGK-AS

Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the

9

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.  Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL to the persons listed in Paragraph 7.2 sections (a) and (c)-(i), subject to the following additional requirements: For any Competitor/Conflicted Consultant retained by a Receiving Party,  counsel for AHM shall be given at least fourteen (14) days' prior written notice of the identity of the Competitor/Conflicted Consultant to whom such disclosure is to be made and an opportunity to object to disclosure.  The written notice must include the Competitor/Conflicted Consultant's name, address, current job title, and the names of any Competitors or Suppliers by which the Competitor/Conflicted Consultant has been employed, retained or performed services for.   In the case of Competitor/Conflicted Consultant, the Competitor/Conflicted Consultant is well suited to know  if he or she is a current employee or a consultant doing research for a Competitor or Supplier of the Producing Party (or was an employee or consultant of a Competitor or Supplier during the past year). If AHM objects to disclosure, no disclosure of "Highly Confidential" materials shall be made unless and until resolution of such objection has been reached. If no resolution can be reached, the Parties shall initiate a request for an Informal Discovery Conference ("IDC") with the Court within seven (7) days of AHM's objection to disclosure.  Plaintiff agrees to not retain any Conflicted Consultants.

8.4.    Plaintiff's counsel will be required by the Protective Order to make a full inquiry of the expert witness or consultant and to maintain compliance with this Protective Order regarding disclosures to Competitors. To this end, any expert witness or consultant retained by Plaintiff shall provide written certification that the expert or consultant is not currently or formerly, within the last one (1) year, employed or paid as a consultant by a Competitor of Defendant.

(a)    Notwithstanding the foregoing, a Receiving Party may disclose any "HIGHLY CONFIDENTIAL" Information or Items while on the record in a deposition taken in this action to a witness provided: (i) counsel in good faith believes the witness has knowledge of the matters contained in the "HIGHLY CONFIDENTIAL" Information or Items (but only as to the subject matter to which the witness is reasonably believed to have knowledge) or if the witness is reflected as an author or recipient of material containing such information; (ii) counsel in good faith deems it necessary for the prosecution or defense of this action to show the "HIGHLY CONFIDENTIAL" Information or Items to the witness; and (iii) the witness, if not an author or previous recipient of the information, shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before the "HIGHLY CONFIDENTIAL" Information or Items are disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of this action to show "HIGHLY CONFIDENTIAL" Information or Items to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute in advance of the "HIGHLY CONFIDENTIAL" Information or Items are disclosed to the witness. If the parties are unable to resolve the dispute, the "HIGHLY CONFIDENTIAL" Information or Items shall not be disclosed to the witness until such time that the Parties or Court resolves the dispute.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a)    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(1)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(2)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(3)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    10.2.1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    10.2.2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    10.2.3.    make the information requested available for inspection by the Non- Party, if requested.

10.3.  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

---

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

13. <u>SECURITY OF COVERED INFORMATION</u>

Any person in possession of another Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information shall exercise the same care with regard to the storage, custody, or use of Confidential "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to using industry standard data security for electronically stored information.

13.1. Summaries of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, including any lists, memorandum, indices or compilations prepared or based on an examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, that quote from or paraphrase "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.

13.2. If the Receiving Party discovers a breach of security relating to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

14. <u>MISCELLANEOUS</u>

14.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2. <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3. <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

15.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

16.    <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4   DATED: September 5, 2024      _____/s/*Casey C. DeReus*

5                                   Attorneys for Plaintiff

6

7   DATED: September 5, 2024      ____/s/ *John C. Mitchell*

8                                   Attorneys for Defendant

9

10

11

12

13   FOR GOOD CAUSE SHOWN, THE JOINT MOTION FOR STIPULATED

14   PROTECTIVE ORDER IS GRANTED AND IT IS SO ORDERED.

15

16

17   DATED:___09/06/2024_____         _____/S/_____

18                               HON. ALKA SAGAR

19                               United States Magistrate Judge

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Aida Milena Gonzalez v. American Honda Motor Co., Inc..*, Case No. 2:23-CV-01462-RGK-AS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

---

JOINT MOT. FOR STIPULATED PROTECTIVE ORDER            CASE NO. 2:23-CV-01462-RGK-AS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

In accordance with Local Rule 5-4.3.4(a)(2)(i), the undersigned attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this Stipulation.


Dated: September 5, 2024


By: /s/ *John C. Mitchell*
JOHN C. MITCHELL
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:  +1 415 318 1200
Facsimile:   +1 413 318 1300
*cmitchell@kslaw.com*

*Attorneys for Defendant*
AMERICAN HONDA MOTOR CO., INC.